**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**SOUTHERN DIVISION**
**AT LONDON**

**CIVIL ACTION NO. 22-175-DLB**

**JAMES BURKE,**                                                                                  **PLAINTIFF**

**v.**                    **MEMORANDUM OPINION AND ORDER**

**GARY FERGUSON,**                                                      **DEFENDANT**

\*\*\* \*\*\* \*\*\* \*\*\*

Plaintiff James Burke is a pretrial detainee currently confined at the Laurel County Detention Center in London, Kentucky. Proceeding without an attorney, Burke has filed a complaint against Defendant Bell County Jailer Gary Ferguson pursuant to 42 U.S.C. § 1983 (Doc. # 1) and a motion for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (Doc. # 2). The Court has reviewed the fee motion and will grant the request on the terms established by 28 U.S.C. § 1915(b). Because Burke has been granted *pauper* status in this proceeding, the $52.00 administrative fee is waived. District Court Miscellaneous Fee Schedule, § 14.

The Court must now conduct a preliminary review of Burke's complaint pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A. A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). A civil complaint must set forth claims in a clear and concise manner, and must contain sufficient factual matter, accepted as true, to "state a

claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *See also* Fed. R. Civ. P. 8.

The Court evaluates Burke's complaint under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). Even so, conclusory claims that Defendants violated Burke's rights, with no factual allegations supporting such a claim, are insufficient to state a claim for relief. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do."). At this stage, the Court accepts the plaintiff's factual allegations as true, and his legal claims are liberally construed in his favor. *Id*. at 555-56.

Burke's complaint alleges that in October 2020, after he was arrested and confined in the Bell County Jail, a jail Correctional Officer ("CO") named Tiffany Baker told CO Billy Gambrel that Burke was a registered sex offender. (Doc. # 1). Burke alleges that Gambrel then assaulted him causing physical injury in violation of his Eighth Amendment rights. (*Id*.). He also claims that he was discriminated against because of his charges. (*Id*.). Burke further alleges that Jailer Gary Feguson allowed the assault to happen and then punished Burke by transferring him to other jails and refusing to provide him with medical treatment. (*Id*.) Based on these allegations, Burke seeks monetary damages from Ferguson in the amount of $500,000.00. (*Id*.).

However, after reviewing the complaint pursuant to 28 U.S.C. §§ 1915, 1915A, the Court finds that Burke's complaint must be dismissed, as it is clear from the face of the complaint that Burke's claims are untimely. The Court may dismiss a claim plainly barred

2

by the applicable limitations period upon initial screening. *Jones v. Bock*, 549 U.S. 199, 215 (2007) ("If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim."); *Norman v. Granson*, No. 18-4232, 2020 WL 3240900, at *2 (6th Cir. Mar. 25, 2020) ("Where a statute of limitations defect is obvious from the face of the complaint, sua sponte dismissal is appropriate.") (citations omitted); *Franklin v. Fisher*, 2017 WL 4404624, at *2 (6th Cir. May 15, 2017) ("The district court properly dismissed Franklin's complaint for failure to state a claim upon which relief may be granted because it is obvious from the face of her complaint that almost all of her claims are barred by the applicable statute of limitations."); *Castillo v. Grogan*, 52 F. App'x 750, 751 (6th Cir. 2002) ("When a meritorious affirmative defense based upon the applicable statute of limitations is obvious from the face of the complaint, sua sponte dismissal of the complaint as frivolous is appropriate.").

Burke's complaint seeks to recover monetary relief from Ferguson pursuant to 42 U.S.C. § 1983 based on allegations that Burke's constitutional rights were violated while he was confined at the Bell County Jail. Kentucky's one-year statute of limitations, Ky. Rev. Stat. § 413.140(1)(a), applies to civil rights claims asserted under 42 U.S.C. § 1983. *Hornback v. Lexington-Fayette Urban Co. Gov't.*, 543 F. App'x 499, 501 (6th Cir. 2013). Thus, a § 1983 claim alleging a violation of constitutional law must be commenced within one year after the cause of action accrues. KRS § 413.140(1)(a).

A cause of action accrues when the plaintiff becomes aware of the injury which forms the basis for his claims. *Estate of Abdullah ex rel. Carswell v. Arena*, 601 F. App'x 389, 393-94 (6th Cir. 2015) ("Once the plaintiff knows he has been hurt and who has

inflicted the injury, the claim accrues.") (internal quotation marks omitted) (citing *United States v. Kubrick*, 444 U.S. 111, 122 (1979)). Where the operative facts are not in dispute, the Court determines as a matter of law whether the statute of limitations has expired. *Highland Park Ass'n of Businesses & Enterprises v. Abramson*, 91 F.3d 143 (Table) (6th Cir. 1996) (citing *Hall v. Musgrave,* 517 F.2d 1163, 1164 (6th Cir.1975)). *See also Fox v. DeSoto*, 489 F.3d 227, 232 (6th Cir. 2007).

Burke's complaint is clear that the events giving rise to his claim occurred in October 2020. (Doc. # 1 at 2-3). Thus, Burke's constitutional claims accrued in October 2020, and the statute of limitations on his claim expired in October 2021. However, Burke did not file his original complaint in this lawsuit until September 9, 2022, almost two years after the events occurred and almost one year after the expiration of the statute of limitations. Ky. Rev. Stat. § 413.140(1)(a). Thus, his claim is untimely and his complaint is **dismissed**.

Accordingly, the Court hereby **ORDERS** as follows:

(1) Burke's motion to proceed *in forma pauperis* (Doc. # 2) is **GRANTED**. Section 1915(b)(1) requires a prisoner-plaintiff to pay the $350.00 filing fee for a civil action as set forth below:

   a. The financial documentation filed by Burke indicates that he lacks sufficient income or assets to pay the initial partial filing fee required by 28 U.S.C. § 1915(b)(1)(A), and payment of such fee is therefore **DEFERRED**;

   b. The Clerk of the Court shall open an account in Burke's name for receipt of the filing fee. The Clerk shall complete a Notice of Payment Form

    (Form EDKY 525) with (a) Burke's name, (b) his inmate registration number, and (c) this case number. The Clerk shall serve a copy of this Order and the Notice of Payment Form upon the Jailer/Warden of the institution in which Burke is currently confined and upon the Office of the General Counsel for the Department of Corrections in Frankfort, Kentucky;

    c. Each month Burke's custodian shall send the Clerk of the Court a payment in an amount equal to 20% of his income for the preceding month out of his inmate trust fund account, but only if the amount in the account exceeds $10.00. The custodian shall continue such monthly payments until the entire $350.00 filing fee is paid. 28 U.S.C. § 1915(b)(2);

(2)     Burke's complaint (Doc. # 1) is **DISMISSED** for failure to state a claim for which relief may be granted;

(3)     **JUDGMENT** shall be entered contemporaneously with this Order; and

(4)     This action is **STRICKEN** from the Court's docket.

This 20th day of September, 2022.



Signed By:
*David L. Bunning*
United States District Judge